PER CURIAM.
Robert D. Kornagay, Appellant, challenges the trial court’s denial of his post-conviction motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court’s denial of claims III and V was proper. Accordingly, we affirm the trial court’s denial of these claims.
The trial court’s summary denial of claims I, II, IV, VI, and VII was improper. Appellant sufficiently alleged that he is entitled to postconviction relief on these grounds. The State correctly concedes that the trial court improperly relied on its response to Appellant’s postconviction motion in summarily denying Appellant’s facially sufficient claims on grounds I, II, IV, and VI. Additionally, in ground I, Appellant argues that both his trial and appellate counsel were ineffective. His claim against appellate counsel is not cognizable in a Rule 8.850 motion. Griffin v. State, 866 So.2d 1, 21 (Fla.2003) (holding that “claims of ineffective assistance of appellate counsel are not cognizable in postcon-viction motions, and should be raised in a habeas petition”). Consequently, we do not consider his claim against appellate counsel here. Regarding his remaining claims in grounds I, II, IV, VI, and VII, we reverse and remand for the trial court to either attach portions of the record conclusively refuting these claims or for an evidentiary hearing. See Foster v. State, 993 So.2d 97, 97 (Fla. 1st DCA 2008).
AFFIRMED in part, and REVERSED and REMANDED in part, with directions.
WEBSTER, LEWIS, and ROBERTS, JJ., concur.